974 F.2d 1329
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of AMERICA, Petitioner, Appellee,
v.
Stephen B. COMLEY, Respondent, Appellant.
 No. 92-1208.
 United States Court of Appeals,
First Circuit.
 August 31, 1992
 
 Appeal from an Order of the United States District Court for the District of Massachusetts
 Ernest C. Hadley for appellant.
 Leslie A. Brueckner, Patti A. Goldman, Alan B. Morrison and Public Citizen Litigation Group on brief for Public Citizen Litigation Group, Government Accountability Project, Maine Nuclear Referendum Committee, Nuclear Information and Resource Service, Clamshell Alliance, Citizens Within the Ten Mile Radius, Don't Waste U.S., Rowe Monday Night Meeting Group, New England Green Alliance, Citizen Alert, Don't Waste N.Y., Seacoast Anti-Pollution League, North East Coalition on Nuclear Pollution, Citizen's Awareness Network, National Whistleblower Center, Citizens At Risk, Task Force Coventry, Harvey Wasserman, Don't Waste CT, Georgians Against Nuclear Energy, People's Action for Clean Energy, Our Town Our Planet, Radioactive Waste Campaign, Trap Rock, Nuclear Energy Information Service, Citizen Environmental Coalition, Citizens Against Radioactive Dumping, and Connecticut Opposed to Waste, amici curiae.
 Paul G. Levenson, Assistant United States Attorney, with whom A. John Pappalardo, United States Attorney, Roberta T. Brown, Assistant United States Attorney, John Cordes, Solicitor, United States Nuclear Regulatory Commission, and Carole F. Kagan, Attorney, United States Nuclear Regulatory Commission, were on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella and Selya, Circuit Judges, and Zobel,* District Judge.
 Per Curiam.
 
 
 1
 Stephen B. Comley appeals from an order of the district court enforcing an administrative subpoena issued by the Office of the Inspector General ("OIG") of the Nuclear Regulatory Agency ("NRC"). The subpoena at issue in this appeal seeks the same tape recorded conversations and arises out of the same investigation as an earlier subpoena issued by the NRC's Office of Inspector and Auditor ("OIA") and enforced by this Court in United States v. Comley, 890 F.2d 539 (1st Cir. 1989). Appellant contends that the OIG lacks statutory authority to issue the subpoena and also claims, as he did with respect to the earlier subpoena, that it violates his first amendment right to freedom of association. For the reasons discussed below, we affirm the district court's order enforcing the subpoena.
 
 
 2
 Based on a review of two tape recorded conversations between appellant and a senior NRC employee, the NRC investigators concluded that the employee may have disclosed confidential information to appellant and that the employee may have failed to pass on to other officials relevant safety information received from the appellant. Comley, 890 F.2d at 541. In an effort to investigate further, OIA issued a subpoena seeking the tapes for an additional fifty conversations recorded by appellant. Id. Although this Court affirmed a district court order enforcing that subpoena, appellant never complied with the subpoena and was ultimately fined $135,000. In December 1989, the OIG assumed responsibility for the investigation. It issued a second subpoena, the one at issue in the instant appeal, after the district court determined that the earlier subpoena had expired.
 
 
 3
 We need not again review the role of a court in a subpoena enforcement proceeding, but proceed directly to appellant's first argument. See id. (discussing standards governing enforcement of subpoenas). He asserts that the OIG's subpoena authority, 5 U.S.C. app. § 6(a)(4) (1988), encompasses only investigations concerning the expenditure of federal funds. The task of interpreting this provision begins with the statutory language which we accord its ordinary meaning. Securities Indus. Ass'n v. Connolly, 883 F.2d 1114, 1118 (1st Cir. 1989) (citing United States v. James, 478 U.S. 597, 604 (1986); American Tobacco Co. v. Patterson, 456 U.S. 63, 68 (1982)). Congress authorized Inspectors General to issue subpoenas when "necessary in the performance of the functions assigned by this Act." 5 U.S.C. app. § 6(a)(4) (1988). From that subsection appellant's construction derives no support.
 
 
 4
 Turning to the substantive provisions referenced in section 6, they also provide no assistance to appellant.[1] The relevant functions are defined in section 4 which imposes upon each Inspector General the responsibility, inter alia, (1) to review agency activities for the "purpose of promoting economy and efficiency in the administration of, or preventing and detecting fraud and abuse in," the same, and (2) "to keep ... [the NRC] and Congress fully and currently informed ... concerning fraud and other serious problems, abuses, and deficiencies relating to the administration of programs and operations." 5 U.S.C. app. § 4(a)(3), (a)(5) (1988). Nothing therein even suggests a requirement that investigations specifically relate to the expenditure of federal funds. Indeed, the language expresses Congress's intent that Inspectors General shall work to identify, correct and prevent problems in agency operations. That is precisely the object of appellee's investigation into the conversations between appellant and the NRC employee. Furthermore, resort to the legislative history confirms the legitimacy of an Inspector General examining specific instances of employee misconduct unrelated to federal funds. S. Rep. No. 1071, 95th Cong., 2d Sess. 28, reprinted in 1978 U.S. Code Cong. & Admin. News 2676, 2703 (stating by way of example that an OIG may involve itself in employee misconduct not concerning the disbursement of federal funds). Therefore, the Inspector General possesses statutory authority to conduct this investigation and issue a subpoena in furtherance thereof.
 
 
 5
 Appellant's first amendment claim raises no new issues or arguments. Accordingly, we reject it for the reasons expressed in our decision regarding the first subpoena. Comley, 890 F.2d at 543-45.[2]
 
 
 6
 The district court's order enforcing the subpoena is Affirmed. The mandate shall issue forthwith.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 / To the extent appellant claims OIG's subpoena power is narrower than its oversight responsibilities, he is plainly wrong. Neither the language of section 6(a)(4) nor the case law supports that proposition. United States v. Aero Mayflower Transit Co., 831 F.2d 1142, 1145 (D.C. Cir. 1987) (describing Inspector General's subpoena power as "coextensive" with its investigative authority); United States v. Westinghouse Elec. Corp., 788 F.2d 164, 170 (3d Cir. 1986) (rejecting "constricted interpretation" of subpoena power)
 
 
 [2]
 / We decline to consider the additional arguments raised by amici. United Parcel Serv. v. Mitchell, 451 U.S. 56, 60 n.2 (1981); McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 23 n.9 (1991), cert. denied, U.S., 112 S. Ct. 1939 (1992)